# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | Case No. 1:08CR00024-012 |
| ) | |
| v. ) | |
| ) | **OPINION** |
| ) | |
| **PAUL ALSTON VAUGHN, JR.**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Paul Alston Vaughn, Jr., Pro Se Defendant.*

The defendant, Paul Alston Vaughn, Jr., a federal inmate, has filed a pro se pleading entitled "Complaint," alleging that because he was unconstitutionally indicted, the United States Magistrate Judge did not have jurisdiction to arraign or detain him after his arrest on the criminal charges of which he stands convicted. Upon review of the motion and court records, I find that the motion is properly construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009) and should be dismissed without prejudice, because the defendant's direct appeal is pending.

The defendant, along with others, was charged with conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine. Vaughn pleaded guilty to the charge, pursuant to a written plea agreement, in October 2008,

in exchange for the government's agreement not to seek enhancement of his sentence based on his prior drug convictions. Vaughn testified for the government at the jury trials of coconspirators, but then recanted his testimony. I conducted a hearing and found that Vaughn's trial testimony, and not his recantation, was truthful. Because Vaughn's recantation breached the terms of his plea agreement, the government was no longer bound by its promise in the agreement to forego seeking enhancement of his sentence. At the sentencing hearing on September 8, 2009, I imposed the statutory mandatory minimum sentence of life imprisonment. *See* 21 U.S.C.A. § 841(b)(1)(A) (West 1999 and Supp. 2009).

Vaughn filed a notice of appeal on September 14, 2009, and the United States Court of Appeals for the Fourth Circuit appointed counsel to represent Vaughn for the appeal, which is currently pending.

The well established general rule is that, absent extraordinary circumstances, the district court should not consider a § 2255 motion while a direct appeal is pending. *Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Taylor,* 648 F.2d 565, 572 (9th Cir. 1981); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979). Vaughn's current claims fail to present extraordinary circumstances compelling this court to address them as a § 2255 motion during the pendency of his direct appeal. Moreover, the court has no other legal authority under which to revisit

the validity of Vaughn's trial proceedings at this time. Finally, dismissal of this motion without prejudice as a premature § 2255 motion will not prevent Vaughn from pursuing relief under § 2255 after appeal proceedings are completed. *Villanueva v. United States*, 346 F.3d 55, 60 ( 2d Cir. 2003) (finding that prior § 2255 motion dismissed as premature does not trigger successive petition bar).

For these reasons, I will dismiss the § 2255 motion without prejudice as premature.

A separate Final Order will be entered herewith.

ENTER: June 28, 2010.

/s/ James P. Jones
Chief United States District Judge